CLAUDE A. PRAGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8819. Promulgated January 19, 1928.

*William E. Russell, Esq.*, and *Joseph B. Miller, Esq.*, for the petitioner.

*T. M. Mather, Esq.*, for the respondent.

OPINION.

LITTLETON: Petitioner was engaged in business as an individual during January, February, and March, 1923. Thomas J. Schaad was employed by him during such period. In his individual income-tax return for 1923, petitioner claimed a deduction of $22,500 as additional compensation paid to Schaad. The respondent denied the deduction.

The Revenue Act of 1921 provides in section 214 (a) for certain deductions to be allowed individuals. Section 214 (a) (1) provides:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *

If the $22,500 sought to be deducted constitutes a reasonable allowance for personal services actually rendered to petitioner by Schaad for the three months of 1921, then the petitioner must prevail. To determine this question we must know the total amount of compensation, whether as a fixed salary or as a bonus, paid to Schaad for the first three months of 1923. Petitioner's testimony is the only evidence on record on this point and his testimony is so equivocal that no definite finding of fact as to salary for the first three months of 1923 or any other period can be made. On this point petitioner testified on direct examination as follows:

Q. Will you state what salary you paid to Mr. Schaad or what your arrangements for compensation were with Mr. Schaad during the years prior to 1923, if any such arrangement was had? A. He had a stipulated salary.

Q. Of what? A. I believe it was $10,000 a year and arrangements made to give him a bonus on our profits.

Q. Bonus on the profits? A. Bonus on the profits.

Q. And that was dependent upon the amount of profits earned? A. Yes, sir.

On cross examination by counsel for the respondent, petitioner testified as follows:

Q. How long was Mr. Schaad with you, Mr. Prager? A. In the neighborhood of seventeen years.

Q. What salary did you pay to him in 1923, not the bonus, the salary? A. I don't recall that.

Q. Do you recall what salary you paid him in 1922? A. May have been ten thousand, I don't remember.

Q. Do you know what salary you paid to him in 1921? A. No, I can not answer.

Q. With reference to this agreement for the bonus, what was the amount of bonus you were paying? A. There was no stipulated amount, the bonus that I did pay him.

Q. Beg pardon. A. Are you referring to the bonus I did pay him?

Q. For the year 1921 what was the agreement with reference to the bonus you were to pay Mr. Schaad? A. There was no stipulated amount.

Q. What bonus did you pay him in 1921? A. I don't believe I paid him any.

Q. Did you pay him any bonus in 1920? A. No.

Q. Did you pay him any bonus in 1919? A. Yes.

Q. What was the amount of that bonus? A. I don't know; may have been ten or twelve thousand dollars.

Q. Was it based on a percentage? A. Yes.

Q. What percentage? A. I believe it was fifteen per cent.

Q. Fifteen per cent of what? A. Of the gross sales.

Q. Gross sales? A. Of the profits of the business.

Q. In 1918 did you pay him a bonus? A. I think so, but couldn't state an amount.

Q. In 1922 did you pay him a bonus? A. Yes, I paid him something, I believe I said six or seven thousand dollars.

Q. What per cent? A. There was no per cent.

Q. What was the bonus based on? A. I owed him some money and I decided to give him some of the money which I owed him.

We are thus without a vital fact. Not knowing the fixed salary paid, how can we say that such sum, when added to the stock of the value of $22,500 given Schaad in 1923, constitutes a reasonable allowance?

Any bonus which petitioner might pay to Schaad was to be based upon the profits of each year. During 1920 and 1921, business was poor and no bonus was paid. Petitioner testified that he advised Schaad to remain in his employ and when he or his concern made profits, he would be taken care of. When this contingency would occur and how much would be paid, could not be foretold nor is there any definite basis of determining same from the record.

In April of 1923, petitioner organized a corporation and transferred all his assets and liabilities to the corporation in exchange for all its stock. He gave to Schaad stock of the value of $22,500, which he claims as a deduction on the ground that it represents com-

pensation for the years in which no bonus was paid, as well as for the three months of 1923. The authorization and payment of compensation in a given year, as and for compensation in that year, may be measured by services performed in a prior year and in the light of circumstances surrounding the payment of compensation already paid in those years. It is also true that the payment of additional salaries in one year may have in them an element looking to future services; however, we need not concern ourselves with this phase of the case, for the reason that the salary was authorized by petitioner as an individual whose business as such was taken over by a corporation in April of 1923. The future services of Schaad were to be rendered, not to the petitioner, who gave him stock of the value of $22,500, but to a corporation the existence of which dates from April, 1923. If future benefit was to be derived by the employer of Schaad, the recipient would not be the petitioner but the successor corporation. Even though any or all of the above considerations may cause additional compensation to be paid, it is, nevertheless, true that the amount sought to be deducted in a given year must meet the statutory test of "a reasonable allowance for salaries or other compensation for personal services actually rendered."

We should be, and are, very hesitant in substituting our judgment as to the reasonableness of salaries for that of the individual or corporation which authorized and paid them. However, from this record, we can not conclude that $22,500 plus whatever fixed salary was paid, constitutes a reasonable allowance for the three-month period in question. This is especially true when petitioner testified that an annual salary of $20,000 would constitute a reasonable allowance.

We deem it unnecessary to discuss the terms of the agreement, the material portions of which are set forth in the findings of fact, wherein the parties to the contract referred to the stock as a gift from petitioner to Schaad.

Reviewed by the Board.

*Judgment will be entered for the respondent.*